# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39533**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jeffrey A. RAMSDELL**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 2 April 2019

————————————

*Military Judge:* Jefferson B. Brown.

*Approved sentence:* Dishonorable discharge, confinement for 9 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand. Sentence adjudged 22 May 2018 by GCM convened at Sheppard Air Force Base, Texas.

*For Appellant:* Captain M. Dedra Campbell, USAF.

*For Appellee:* Lieutenant Colonel Nicole P. Wishart, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

Appellant, pursuant to a pretrial agreement, pleaded guilty to four specifications of attempted sexual abuse of a child, one specification of attempted viewing of child pornography, one specification of sexual abuse of a child, and one specification of receiving child pornography, in violation of Articles 80, 120b, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880,

920b, 934. Appellant pleaded not guilty to two specifications of attempted sexual abuse of a child in violation of Article 80, UCMJ. The military judge sentenced Appellant to a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. In accordance with the pretrial agreement, the convening authority approved only nine months of confinement, but he otherwise approved the sentence as adjudged.

The sole issue in Appellant's case involves the convening authority's failure to fulfill the terms of the pretrial agreement.[*] We agree with both parties that the appropriate remedy is to dismiss Specifications 1 and 2 of Additional Charge I with prejudice. Finding no other prejudicial error, we affirm the approved findings and the sentence.

# I. BACKGROUND

Prior to his court-martial, Appellant entered into a pretrial agreement with the convening authority in which he agreed, *inter alia*, to plead guilty to all but two of the specifications against him in exchange for the convening authority's agreement to "withdraw and dismiss with prejudice Specifications 1 and 2 of Additional Charge I following acceptance of a provident guilty plea."

Following the military judge's acceptance of Appellant's guilty plea, trial counsel moved to dismiss both specifications with prejudice but asked the military judge to defer his ruling until after the announcement of sentence.

Following the announcement of sentence, trial counsel requested that the specifications be renumbered to reflect only the charges and specifications resulting in a finding "minus the withdrawn charges and the charges that were not referred." The military judge responded as follows:

> And as to the withdrawing of Additional Charge, that is one thing that at this point I know that the Government had requested it upon the announcement of my sentence that I grant the request to withdraw Specification 1 and Specification 2 with -- to withdraw it with prejudice is what the Government's requested. As to that, my concern is that renumbering would make it more difficult to actually clarify what was withdrawn and what was the agreement, the pretrial agreement. So as to renumbering Additional Charge I, the Court's intention is not to do that. But trial counsel are permitted to modify the charge

---

[*] Appellant submitted his case with one assignment of error: whether the convening authority's failure to dismiss Specifications 1 and 2 of Additional Charge I constituted noncompliance of a material term of the pretrial agreement.

sheet so that the four specifications under Charge I are renumbered 1,2,3,4.

Despite having not actually ruled on the Government's motion to dismiss Specifications 1 and 2 of Additional Charge I, the military judge then adjourned the court-martial. The Staff Judge Advocate later incorrectly advised the convening authority that the specifications had been "[w]ithdrawn and dismissed after arraignment." The convening authority complied with the agreed upon maximum confinement period but took no further action with respect to Specifications 1 and 2 of Additional Charge I.

## II. DISCUSSION

"When an appellant contends that the government has not complied with a term of the agreement, the issue of noncompliance is a mixed question of fact and law." *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (citing *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006)). Appellant has the burden to establish both materiality and non-compliance. *Lundy*, 63 M.J. at 302. We find that Appellant has met his burden.

The terms of the pretrial agreement clearly require the convening authority to "withdraw and dismiss with prejudice Specifications 1 and 2 of Additional Charge I following acceptance of a provident guilty plea." Appellant fulfilled his part of the agreement through a provident guilty plea. Though the Government made appropriate attempts to fulfill the convening authority's promise, their attempts were ultimately unsuccessful when the military judge failed to grant the Government's motion and the convening authority failed to dismiss the specifications with prejudice when taking action in the case.

There are several available remedies for non-compliance including the sole remedy Appellant requests on appeal: specific performance. Where, as here, the parties have a mutual understanding on the material terms of the pretrial agreement and agree on the appropriate remedy, we are persuaded that specific performance by dismissing Specifications 1 and 2 of Additional Charge I is the appropriate remedy. *See id.* at 305 (Effron, J., concurring).

## III. CONCLUSION

Specifications 1 and 2 of Additional Charge I are **DISMISSED WITH PREJUDICE**. The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016).

Accordingly, the approved findings and sentence are **AFFIRMED**.


FOR THE COURT

CAROL K. JOYCE
Clerk of the Court